1

2

3

4

5

6                          UNITED STATES DISTRICT COURT

7                         NORTHERN DISTRICT OF CALIFORNIA

8

9    TONY BLACKMAN,                              No. C 06-7625 SI (pr)

10              Plaintiff,                        **ORDER OF DISMISSAL WITH**
                                                 **LEAVE TO AMEND**
11         v.

12   T. VARIZ; et al.,

13              Defendants.
     _____/
14

15         Tony Blackman originally filed this <u>pro se</u> civil action in the Eastern District of

16   California.  That court determined the action was in the wrong venue and transferred it to the

17   Northern District of California.

18         After the action was transferred to this district, Blackman filed an amended complaint on

19   December 13, 2006, and another amended complaint on February 2, 2007.  The amended

20   complaint filed February 2, 2007 supersedes the earlier pleadings and is the operative pleading

21   from Blackman.  <u>See</u> <u>London v. Coopers & Lybrand</u>, 644 F.2d 811, 814 (9th Cir. 1981) ("a

22   plaintiff waives all causes of action alleged in the original complaint which are not alleged in

23   the amended complaint.")

24         The amended complaint filed February 2, 2007 does not state a claim for relief.  It alleges

25   that inmate appeal coordinator Variz confiscated an inmate appeal on December 20, 2006 in

26   violation of Blackman's "due process of rights to appeal" other officers' confiscation of other

27   inmate appeals on November 5 and 6, 2006 that pertained to law library access and processing

28   of a trust account statement.  Amended Complaint, p. 3.

**United States District Court**
For the Northern District of California

United States District Court
For the Northern District of California

1    Blackman's focus on the confiscation of inmate appeals is inexplicable as the court has

2    explained twice to him that there is no claim for relief under 42 U.S.C. § 1983 for the

3    mishandling of inmate appeals. See Order of Dismissal in Blackman v. Medina, C 05-5390 SI;

4    Order of Dismissal in Blackman v. Variz, C 06-6398 SI. The due process claims for relief for

5    mishandled or confiscated inmate appeals are dismissed without leave to amend.

6    Giving the amended complaint an extremely liberal construction, it may be that Blackman

7    is trying to plead a claim for denial of access to the courts, but that claim also is deficient.  As

8    the court has explained twice to Blackman in the same two earlier cases, a constitutional right

9    of access to the courts does exist, but to establish a claim for any violation of the right of access

10   to the courts, the prisoner must show that there was an inadequacy in the prison's legal access

11   program that caused him an actual injury.  See Lewis v. Casey, 518 U.S. 343, 350-51 (1996).

12   To prove an actual injury, the prisoner must show that the inadequacy hindered him in presenting

13   a non-frivolous claim concerning his conviction or conditions of confinement.  See id. at 355.

14   Examples of impermissible hindrances include: a prisoner whose complaint was dismissed for

15   failure to satisfy some technical requirement which, because of deficiencies in the prison's legal

16   assistance facilities, he could not have known; and a prisoner who had "suffered arguably

17   actionable harm" that he wished to bring to the attention of the court, but was so stymied by the

18   inadequacies of the prison's services that he was unable even to file a complaint.  See id. at 351.

19   Mere delay in filing papers would not be enough, for example, if they were nevertheless timely

20   filed or accepted and considered by the court.  See Hudson v. Robinson, 678 F.2d 462, 466 (3d

21   Cir. 1982).   Here, no actual injury was identified.   Blackman's original complaint and the

22   December 13, 2006  amended complaint alleged that he needed to access the law library with

23   regard to Case No. BH003885 and Case No. BH250138.   He does not allege what injury

24   happened in either case as a result of his failure to obtain law library access when he submitted

25   a request in November 2006.  One case had been closed months earlier.  See Complaint filed

26   December 13, 2006, unnumbered exhibit (March 17, 2006 denial of habeas petition in In re.

27   Blackman, L.A.S.C. No. BH003885)).   The other case appears not to exist, as Blackman

28   contends it is a case pending in this district, but this district does not use a numbering scheme

2

**United States District Court**
For the Northern District of California

1  that would include the alleged case number.  See Amended Complaint filed Feb. 2, 2006, at

2  unnumbered exhibit (CDC-602 form dated 12/20/06, in which Blackman wants an in forma

3  pauperis materials so he can forward it to the "Federal District Court Northern District so

4  appellant civil suit complaint will be (process) due to appellant illegal prison condition false

5  imprisonment under case number BH250138.")

6      Leave to amend will be granted so that Blackman may attempt to state a claim for denial

7  of access to the courts.  He must identify an actual injury to state such a claim.

8      For the foregoing reasons, the amended complaint filed February 2, 2007, is dismissed

9  with leave to amend.   Blackman must file a second amended complaint no later than **May 11,**

10 **2007**.  The second amended complaint must include the caption and civil case number used in

11 this Order and the words SECOND AMENDED COMPLAINT on the first page.  Failure to

12 timely file the second amended complaint will result in dismissal of this action.  Plaintiff may

13 file only one second amended complaint; he may not file any other complaints or amended

14 complaints in this action.

15     Lastly, Blackman has not yet filed a completed and signed court-approved in forma

16 pauperis application, including a completed certificate of funds in the prisoner's account and a

17 copy of the prisoner's trust account statement for the last six months.  Plaintiff must do so no

18 later than **May 11, 2007** or this action may be dismissed.

19     IT IS SO ORDERED.

20 Dated: April 2, 2007

21 _____
   SUSAN ILLSTON
   United States District Judge

22

23

24

25

26

27

28